35

===

## GEORGE B. NYE *versus* WILLIAM DRAKE.

If an officer's return of a levy of an execution on real estate, states that A., B., and C. were the appraisers, and A., B., and *D.* were in fact the persons who acted as appraisers, and whose names are signed to the appraisement, the return is invalid.

A devise of " one half of a farm on the northwesterly side thereof," to A., and of " the other half " to B., is a devise of the different parts of the farm to A. and B. in severalty.  B. has no interest in the northwesterly half, and A. no interest in the southeasterly half.

A levy of an execution on an undivided half of the farm, as the property of A., is void.

THIS was a writ of entry.  The case was submitted on an agreed statement of facts.

The demanded premises are a part of a farm in Middleborough, of which Japhet Le Baron died seised.  By his will he disposed of the farm as follows ; " he gave to his son Joseph Le Baron one half thereof on the northwesterly side thereof

---

[1] See *Miller* v. *Miller*, 7 Pick. 136 ; *Bigelow* v. *Jones*, 10 Pick. 165 ; *Gwinneth* v *Thompson, ante*, 32.

in fee, and to his son Japhet Le Baron, the other half in fee."
[These are the words of the statement of facts ; what are the
exact words of the will, did not appear.]   Before any division
of the land was made, Drake, the tenant, having an execution
against both brothers, on September 9th, 1816, had it levied
on the whole of one undivided half part of " the homestead
farm of which Japhet Le Baron, late of Middleborough, in the
county of Plymouth, deceased, died seised," as the property
of Japhet Le Baron, and on twenty-six hundredth parts of
the other undivided half, as the property of Joseph Le Baron.
Neither the appraisement nor the return of the officer gave any
farther description of the situation or boundaries of the farm.
The persons, whose names are signed as appraisers in this levy,
are " Joseph Clark, Seth Miller junior, and *Ephraim Gam-
mons.*"   The return of the officer says, that the estate was ap-
praised by " *Joseph Le Baron,* chosen by the debtor, Joseph
Clark, chosen by the creditor, and Seth Miller junior, by my-
self," not mentioning Gammons.

Joseph Le Baron afterwards entered on the farm, and on
August 20th, 1822, conveyed his interest in it to Thomas
Weston and Abner Weston.   On December 7th, 1822, Japhet
entered on the farm, and he and the Westons, by deed of that
date, made and confirmed a line of division between their re-
spective halves, including the demanded premises in Japhet's
half.

Afterwards, on the same day, Nye, the demandant, and
Nathan Willis, having an execution on a judgment against
Japhet and another person, had it levied on the demanded
premises.

*Oct. 23d.*   *A. Holmes,* for the demandant, contended that the levy un-
der which the tenant claimed was insufficient.   The land levied
on was not sufficiently described, the statute of 1783, *c.* 57,
§ 2, requiring it to be set out " by metes and bounds."   *Tate*
v. *Anderson,* 9 Mass. R. 92 ; *Bott* v. *Burnell,* 11 Mass. R.
163, [(Rand's ed.) 165, note *a.*]

One of the persons who acted as appraiser, appears from the
officer's return not to have been chosen.

The levy was on an undivided half; the will gave the differ-

ent parts of the farm to the two sons in severalty, not as tenants in common.

*Wood*, for the tenant, contended that the devise created a tenancy in common in the farm, as no dividing lines were mentioned in it.

*Per Curiam.* Undoubtedly the return is bad, as it does not appear that Gammons was chosen an appraiser by any party. The officer probably made a mistake, which perhaps might be corrected.

But upon another ground the return is insufficient. If the words of the will are rightly quoted in the facts agreed, we think one half of the farm was devised in severalty to one brother, and the other half in like manner to the other. There are no words signifying a tenancy in common ; such as *in quantity and quality — share and share alike — equally to be divided*, &c. but the northwardly half is given to the one, and the southwardly half to the other. Nothing remained but to ascertain the dividing line geographically by a survey and measurement. The one had no interest in the northerly and the other none in the southerly part ; so that they were not seised under the will *per mie et per tout*, as tenants in common. It follows that the levy under which the tenant to the writ claims, is void, the levy being as upon a tenancy in common, and the demandant must have judgment.[1]